IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK BROWN, :
:
    Petitioner :
:
  v. : CIVIL NO. 3:CV-12-2420
:
D.H.O. JORDAN, ET AL., : (Judge Conaboy)
:
:
    Respondents :
_____

## MEMORANDUM
### Background

This pro se habeas corpus petition pursuant to 28 U.S.C. § 2241 was filed by Derrick Brown (Petitioner), a federal inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Named as Respondents are Disciplinary Hearing Officer (DHO) Jordan and Warden J. E. Thomas of USP-Lewisburg.[1]

Petitioner is serving a 387-month term of incarceration which was imposed by the United States District Court for the Western District of Tennessee during March, 2008.[2] However,

---

[1] DHO Jordan is not an appropriately named Respondent. The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242.

[2] Brown's conviction was affirmed by the United States Court of Appeals for the Sixth Circuit on June 19, 2009. See United States v. Brown, No. 2:06-CR-20180.

1

Brown's present action does not challenge the legality of either his underlying criminal conviction or sentence.

Rather, Petitioner claims entitlement to federal habeas corpus relief with respect to a USP-Lewisburg institutional disciplinary proceeding before DHO Jordan which resulted in a loss of good time credits.

His Petition initially references an Incident Report (IR) # 2333770 which resulted in a March 15, 2012 institutional disciplinary hearing.[3] Respondent acknowledges that Petitioner had a March 15, 2012 disciplinary hearing, however the response points out that said proceeding actually regarded IR # 2274092.[4]

According to the undisputed record, Petitioner was issued IR # 2274092 on February 29, 2012. Therein, he was charged with threatening another with bodily harm and refusing an order that same day. A submitted copy of the IR provides that Brown purportedly refused an order by Correctional Officer Heintzelman to submit to restraints so that his cell could be searched. He then allegedly threatened to kill Heintzelman.

Petitioner appeared before a Unit Disciplinary Committee (UDC) with respect to the charges on March 1, 2012. The UDC

---

[3] See Doc. 1, ¶ 2.

[4] Based on the procedural history set forth in the Petition, it is apparent that Brown is seeking relief with respect to a March 15, 2012 disciplinary regarding IR 2274092.

2

referred the IR to the DHO for further proceedings. A misconduct hearing was conducted by DHO Jordan on March 15, 2012.

Brown claims that Jordan was unauthorized, untrained, and uncertified as required under the policies of the Bureau of Prisons (BOP). See Doc. 1, p. 4. His Petition adds that the DHO was biased as evidenced by the fact that Jordan ignored, disregarded, and failed to investigate his objections. See id. Petitioner also vaguely indicates that the finding of guilt was improperly premised on falsified documents.

## **Discussion**

Respondents seek dismissal of the Petition on the grounds that: (1) Brown failed to exhaust his administrative remedies before pursuing this matter; (2) there was no denial of due process during Petitioner's disciplinary proceedings; and (3) the presiding DHO was properly trained and certified. Petitioner has not submitted a reply to the above arguments.

## **Exhaustion**

It is well established that a federal prisoner must exhaust available administrative remedies before seeking habeas corpus relief in federal court. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006). A party is required to exhaust

3

administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate. Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992). However, the administrative exhaustion requirement may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served See Cerverizzo v. Yost, 380 Fed. Appx. 115, 116 (3d Cir. 2010).

In a subsequent ruling, the Court of Appeals for the Third Circuit affirmed the dismissal of a § 2241 petition that had been filed before administrative remedies had been exhausted. Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006). Unless it would be futile to pursue administrative remedies, courts have rejected attempts to obtain judicial relief by prisoners who have disregarded the administrative remedy process. See Ramsey v. United States, No. Civ. 1:CV-05-1476, 2006 WL 1412767 at *1 (M.D. Pa. May 22, 2006)(Caldwell, J.); Porte v. Warden, FCI-Allenwood, No. Civ. 4:CV-04-1534, 2006 WL 47654 at *3-5 (M.D. Pa. Jan. 9, 2006)(Jones, J.); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion is only excused where pursuit of administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be

4

inadequate to prevent irreparable harm).

The Federal Bureau of Prisons (BOP) has a well established Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment including appeals from adverse disciplinary hearing decisions. See 28 C.F.R. §§ 542.10-542.19. With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal (thus bypassing the institutional level of review) to the BOP's Regional Director within twenty (20) days after receiving the DHO's written report. See 28 C.F.R. § 542.15(a).

If not satisfied with the Regional Director's response, a Central Office Appeal may than be filed with the BOP's Office of General Counsel. This is the prisoner's final available administrative appeal. Additionally, if the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.

With respect to the issue of exhaustion, Petitioner asserts that he submitted an appeal to the Northeast Regional Office which was denied on November 2, 2012. See Doc. 1, ¶ 3. Thereafter, he filed a further appeal to the BOP's Central Office which was not answered. See id. at (b).

Respondents assert that Brown failed to exhaust the required BOP administrative process prior to filing this action. See Doc. 5, p. 7. The response notes that since Brown entered BOP custody in 2008 he has filed 572 administrative remedies and as such was very familiar with the administrative review process.

In support of the non-exhaustion argument, Respondents have submitted a declaration under penalty of perjury by USP-Lewisburg Attorney Advisor Jennifer Knepper who concedes that Brown correctly filed an appeal from the DHO's decision with the Regional Director which was denied on November 2, 2012. See Doc. 5-1, p. 6, ¶ 13. While Knepper also acknowledges that Petitioner appealed that denial to the Office of General Counsel, she asserts that Brown prematurely initiated this action prior to receiving a response from the Office of General Counsel. Attorney Knepper explains that this action was initiated in December, 2012 and the Central Office's response was not due until January 28, 2013.

Based upon a review of the undisputed record, including Petitioner's admission that he had not yet received a response from the Central Office,[5] this federal habeas corpus action was initiated before Brown completed the final step (Central Office

---

[5] See Doc. 1, ¶ 3(b)(4).

6

Appeal) of the BOP's administrative review procedure. There is also no indication in the record that it would have been futile for Petitioner to fully exhaust his BOP administrative remedies and none of the other exceptions outlined in Lyons exist. Brown has also not come forth with a viable demonstration of any basis as to why he should be excused from the exhaustion requirement.

Under the circumstances presented here, Respondents have sufficiently demonstrated that Brown's pending action was prematurely filed under the standards developed in Moscato and Ridley. See Murray v. Grondolsky 2009 WL 2044821 *2 (D.N.J. 2009)(sua sponte dismissal of § 2241 action for non-exhaustion of administrative remedies); Morgan v. Borough of Carteret, 2008 WL 4149640 *5 (D.N.J. 2008) (sua sponte dismissal for non-exhaustion of administrative remedies). To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process before completing administrative review.

Moreover, even if the exhaustion requirement was satisfied or excused in the pending case, it is clear based upon the reasoning set forth below that Petitioner is not entitled to relief with respect to any challenge he is attempting to assert regarding his institutional disciplinary proceedings.

7

**Merits Analysis**

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriquez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

The United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), held that a prisoner deprived of good time credits as a sanction for misconduct is entitled to certain due process protections in a prison disciplinary proceeding. Wolff noted that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing a loss of good time credits is entitled to some procedural protection. Id. at 563-71.

A subsequent Supreme Court decision, Sandin v. Conner, 515 U.S. 472, 480-84 (1995), reiterated that the due process

8

safeguards set forth in Wolff must be provided when the challenged disciplinary proceeding results in a loss of good time credits.  See also Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit); Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992).  Since Brown was sanctioned to a loss of good time credits which adversely affected the duration of his ongoing federal confinement, his present allegations are appropriate for federal habeas corpus review.

Wolff set forth five requirements of due process in a prison disciplinary proceeding:  (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action.  Id.  An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole v. Hill, 472 U.S. 445, 453-56 (1985).  In that case, the Supreme Court held that there must be

some evidence which supports the conclusion of the disciplinary tribunal.

With respect to Petitioner's disciplinary proceedings, Wolff requires that an inmate accused of a disciplinary infraction be provided with advance written notice of the charges against him. Notice must be provided twenty four (24) hours prior to the time of hearing. There is no present assertion that Brown was not afforded with the amount of advance written notice required under Wolff.

Second, Petitioner does assert that he requested, but was denied the opportunity to be provided with a staff representative. According to the undisputed record, Petitioner requested that Lieutenant Miller serve as his staff representative. However, because Miller was a witness to the incident, Unit Manager Brewer served as Brown's representative. Accordingly, this due process requirement was clearly satisfied.

Under Wolff, it is also required that an inmate accused of a disciplinary infraction be provided with advance written notice of the charges against him. Notice must be provided twenty four (24) hours prior to the time of hearing. There is no present assertion that Petitioner was not afforded with the amount of advance written notice required under Wolff. Moreover, the undisputed record provides that Brown received a

10

copy of the misconduct charges on February 29, 2012 and the disciplinary hearing was not convened until March 15, 2012. See Doc. 5-1, p. 12. Thus, this prong of Wolff will also be deemed to have been satisfied.

Brown also does not assert that he was denied the opportunity to call witnesses as contemplated under Wolff. According to the DHO's undisputed written report, at his UDC hearing Petitioner requested that Lieutenant Miller be a witness. As a result, Lieutenant Miller submitted a written memorandum regarding the incident to the DHO. See Doc. 5-1, p. 13. The DHO's report also provides that Miller was interviewed prior to the disciplinary hearing and verified the information set forth in the incident report and his personal memorandum. See id. This prong of Wolff will likewise be deemed satisfied.

There is also no claim by Petitioner that he was denied the opportunity to submit documentary evidence. In addition, the DHO's written report indicates that Brown stated that he had no documents to submit for consideration.[6] See id.

---

[6] Although the Petition does not raise any claim regarding video evidence, the DHO's report notes that Brown requested video footage from a surveillance camera.
    Upon consideration of this request, the DHO contacted prison staff and was informed that the videotape footage no longer existed due to retention limitations of the surveillance system and Petitioner's failure to request production of the videotape in a timely fashion. Moreover, the videotape, if available, would not
(continued...)

11

Wolff further directs that the factfinder in a prison disciplinary proceeding must issue a written decision describing the evidence relied upon and stating the rationale behind any decision. It is undisputed that the DHO issued a written decision as required. There is no claim by Brown that the decision failed to describe the evidence relief upon or was otherwise deficient. Moreover, a copy of said decision has been submitted for consideration by the Court. See Doc. 5-1, pp. 12-15. A review of the four (4) page typewritten DHO's decision shows that it provided Petitioner with a clear explanation as to the evidence relied upon and the rationale behind the finding of guilt rendered by the DHO. This Wolff due process mandate will also be deemed satisfied.

**Bias**

The remaining prong of Wolff mandates that Petitioner had the right to appear before an impartial decision maker. Brown indicates that DHO Jordan was biased as evidenced by: (1) he had not been properly trained and certified as required under BOP regulations; and (2) the fact that the DHO ignored, disregarded, and failed to investigate his objections shows that he was not

---

⁶(...continued)
have an audio component and therefore would lack relevance to the issue of whether Brown made any threatening remarks.

impartial.

With respect to the initial argument, absent a showing of prejudice, a technical violation of BOP regulations does not automatically require that a disciplinary sanction must be vacated and remanded. Von Kahl v. Brennan, 855 F. Supp. 1413, 1421 (M.D. Pa. 1994)(in a federal inmate disciplinary proceeding "where the minimal requirements of due process have been met, an inmate must show prejudice to the rights sought to be protected by the regulation claimed to be violated" in order to obtain habeas relief). Brown has not demonstrated any resulting prejudice with respect to DHO Jordan's alleged lack of certification and training.

In addition, Attorney Knepper's unopposed declaration provides that Jordan completed DHO training at the BOP's National Corrections Academy in Aurora, Colorado on July 14, 2011 after having successfully passed the required DHO certification test. Doc. 5-1, p. 6, ¶ 16. Based upon those considerations, Petitioner's request for relief based on an alleged lack of DHO training and certification for Jordan lack merit.

With respect to Petitioner's second argument, it is noted that there are no facts alleged that the DHO had any pre-existing animosity towards the Petitioner or any other facts

13

which could call into question the DHO's impartiality. Likewise, the fact that the DHO provided Brown with a staff representative, granted his request to have Lieutenant Miller appear as a witness, and investigated his request for video surveillance of the incident, undermines Petitioner's claim that he was not provided with an impartial decision maker.[7]

Attorney Knepper's declaration adds that Jordan was not a victim, witness, investigator or otherwise involved in the situation underlying the issuance of the misconduct charge and as such was an impartial decision maker under BOP regulations. See id. at pp. 6-7

Finally, the findings in a disciplinary hearing are not arbitrary or capricious if there exists a basis in fact to support a disciplinary hearing officer's findings. Edwards v. White, 501 F. Supp. 8 (M.D. Pa. 1979). A federal court has no duty to independently weigh the evidence, but only to see that there was some evidence or basis in fact to support the finding of guilt. Hensley v. Wilson, 850 F.2d 264 (6th Cir. 1988). Moreover, there is no requirement that the evidence presented to the DHO rule out all other possibilities.

---

[7] A review of the DHO's written report also indicates that petitioner was only sanctioned with respect to one of the two charges (threatening another with bodily harm) filed against him. The fact that Brown may only have been found guilty of one charge would further demonstrate DHO's impartiality.

14

DHO Jordan clearly had the right to make a credibility determination. Certainly, the similar accounts of the incident given by Lieutenant Miller and Correctional Officer Heintzelman provided a basis for the finding of guilt rendered in the instant case. Since the DHO had the discretion to accept the account of the incident given by two correctional officials over the version of the events presented by the Petitioner, there was no basis for a determination that hearing examiner was biased.

Petitioner also offers a vague argument that the finding of guilt was not properly supported because it was premised on false documents. It is noted that the Petition does not identify or describe the alleged false documents. Second, the only documents reflected in the record are the written versions of the incident provided by Miller and Heintzelman. Since this Court has already determined that the DHO's acceptance of those similar versions of the underlying events did not constitue a due process violations, this argument must also fail.

Moreover, since Miller and Heintzelman's written statement clearly satisfied the some evidence requirement of Hill and Hensley, there is no basis for a determination that Petitioner's due process rights were violated.

## **Conclusion**

Petitioner prematurely filed this habeas corpus action

prior to his completion of the BOP administrative review procedure. There is no discernible claim set forth by Brown that he was not provided with any of the <u>Wolff</u> procedural safeguards. Second, Petitioner has failed to provide any facts which would establish that the DHO's decision did not meet the evidentiary requirements of <u>Hill</u>. Petitioner's argument that DHO Jordan was not proerly trained and certified is meritless. The petition for writ of habeas corpus will be denied. An appropriate Order will enter.

<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 27, 2013

17